ELIZABETH M. NORTON, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38007.) MARY N. ZAIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38008.) — Appeal from judgments of the Court of Claims in the amounts of $70,000 and $35,000 respectively to Mary Zais and her mother, Elizabeth Norton. The accident here involved, occurred at 1:30 P.M. on July 11, 1958 as respondents were proceeding on Route 9N through the community of Ausable Forks. The testimony indicates it had rained intermittently during the day and that the pavement was wet. Respondent Zais, the driver of the vehicle, testified that while proceeding at an estimated speed of 20 miles per hour they approached a point where the tracks of the Delaware & Hudson Railway join and gradually cross the highway and that as they crossed these tracks she heard "a squashing sort of noise" and at the same instant felt the car become trapped in the tracks as a result of which she lost control of the car. Whereupon she turned the wheel to the left and the car hurtled across the road into a tree demolishing the car. The record clearly reveals ample evidence that the pavement along the inside edge of the tracks at the time of the accident was broken and crumbling resulting in ruts and depressions of up to three or four inches wide. This condition resulted from failure when the highway was reconstructed in 1953 to attach in accordance with what was testified as proper engineering practices a projection from the inside of each rail which would preserve the necessary space to accommodate the wheel flange and at the same time maintain a firm edge on the paved portion between the rails. Furthermore there is evidence that at no time during 1958 was any repair work undertaken with respect to these ruts, that warning signs were not erected and that the rails protruded above the pavement from an inch and a half to two inches. On the basis of the testimony in the present record, especially when viewed in light of the fact that at least two prior accidents occurred at this same spot and in virtually the same manner, the cars hitting the same tree or a pole just beside it, a factual issue as to the State's negligence was presented with ample evidence to support the determination by the Court of Claims. The State contends that respondent Zais must have been contributorily negligent as evidenced by the complete demolition of the car and the extent of the injuries to her and her mother. While this does cast some doubt on her estimate of her speed as only 20 miles per hour, a disinterested witness testified that at

a point only 275 feet from the point of the accident, respondent Zais came to a full stop to allow him to make a left turn. Again this question is factual, and on the present record we see no reason to disturb the conclusion of the Court of Claims. The State also urges that the $70,000 award to respondent Zais was excessive. While her initial injuries were severe, the record indicates the only permanency, aside from a dental plate, to be a slight stiffness and loss of motion in her right leg, and we, therefore, find it excessive. Judgment as to respondent Zais modified, on the law and the facts, to reduce the amount of damage to $50,000 and, as so modified, affirmed, with costs to respondent Zais. Judgment as to respondent Norton affirmed, with costs to respondent Norton. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.